IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TONY S. HARPER, SANDRA HARPER, | § | |
| *individually and for the benefit of all* | § | |
| *statutory beneficiaries of James Harper* | § | |
| *and as the Estate of James Harper*, and | § | |
| KH, *a minor by and through her mother* | § | |
| *and guardian Ashlee Whadley*, | § | |
| | § | |
| Plaintiffs, | § | No. 3:14-cv-2647-M |
| | § | |
| V. | § | |
| | § | |
| THE CITY OF DALLAS, TEXAS, | § | |
| and BRIAN ROWDEN, | § | |
| | § | |
| Defendants. | § | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

Plaintiffs Tony S. Harper, Sandra Harper, and KH have filed an Emergency

Motion to Compel, *see* Dkt. No. 79 (the "MTC"), which Chief Judge Barbara M. G. Lynn

has referred to the undersigned United States magistrate judge for a hearing, if

necessary, and for determination under 28 U.S.C. § 636(b), *see* Dkt. No. 81.

Defendants City of Dallas, Texas and Brian Rowden filed a response, *see* Dkt.

No. 87, and Plaintiffs filed a reply, *see* Dkt. No. 89. Defendants then filed Objections

to the Plaintiffs' Reply in Support of their Motion to Compel, *see* Dkt. No. 92, and

Plaintiff in turn filed a Response to Defendants' "Objections," *see* Dkt. No. 93.

The Court heard oral argument on the MTC on August 25, 2017.

Plaintiffs seek an order compelling production of (1) "numerous e-mail

communications and recordings of telephone conversations" that Rowden admitted at

his deposition that he has in his possession; (2) autopsy photos of James Harper; and (3), based on Defendants' counsel's statement that the Dallas Police Department informed him that they did not request the entire content of the medical examiner's file, "the identity of the individual who failed to request the entire content of the medical examiner's case file." Dkt. No. 79 at 1-2. "Plaintiffs respectfully request this Court to issue an order compelling their production, [and] impose an appropriate sanction" under Federal Rule of Civil Procedure 37(b)(5) and possibly Federal Rule of Civil Procedure 37(e). *Id.* at 2, 5-6. Plaintiffs note that, "[i]f – as here – the requested discovery involves electronically stored information, Rule 37(e) provides that Defendants' intentional failure to preserve it can give rise to additional sanctions including a spoliation instruction or a default judgment in Plaintiffs' favor"; that, "because Defendants have failed to produce the e-mails and recordings despite numerous requests, Plaintiffs respectfully request this Court to issue an order compelling their discovery"; and that, "[i]f Defendants are somehow unable to produce the documents and recordings, Plaintiffs ask this Court to set this matter for hearing and impose an appropriate sanction." *Id.* at 5-6.

Defendants respond that

[t]he Court should deny the Motion because the Plaintiffs do not satisfy their initial burden to certify that they made a good faith effort to resolve the discovery dispute without court inter-vention, fail to attach a copy of the discovery requests at issue and the Defendants' responses and objections to those requests, and fail to show how and why the Defendants' response is deficient or incomplete. Plaintiffs may not cure these fatal defects by including the missing evidence and arguments in their reply. Further, the Plaintiffs fail to show that the Defendants have failed to comply with any recognized discovery

obligation. Finally, the Plaintiffs fail to show that the Defendants' actions are not substantially justified. Therefore, the Motion should be denied.

Dkt. No. 87 at 1-2.

Plaintiffs reply that, "[i]n an attempt to escape their obligation to produce the 'large stack of documents and recordings' that are clearly in the City's possession, custody or control, Defendants devote all of their substantive arguments on Rowden and not one single page to the fact that the items referenced in Rowden's sworn deposition that were sent to various employees of the city of Dallas were never produced. Because these documents and information were clearly the subject of Plaintiffs' formal discovery requests, because Defendants are obviously withholding information, and because they have no valid reason for doing so, this Court should grant Plaintiffs' motion and impose an appropriate sanction." Dkt. No. 89 at 1.

Defendants then filed what they styled as Objections and asserted that "Plaintiffs' Reply does precisely what this Court prohibits in motion practice"; that "Plaintiffs present arguments not made in the Plaintiffs' original motion to compel, and they offer new evidence – evidence that was available to the Plaintiffs at the time that they filed their motion – but elected not to include in their original motion"; and that "Defendants object to the Plaintiffs' new arguments and new evidence, and ask the Court not to consider for any purpose the Plaintiffs' new arguments and new evidence." Dkt. No. 92 at 1 (emphasis removed). "Defendants object to these arguments and content in the Plaintiffs' Reply, and ask the Court to disregard these arguments and content for all purposes: 1. all argument contained in section II-B of the Reply (ECF

No. 89 at 5-9), 2. all argument contained in section II-C of the Reply that relates to new arguments or to new evidence (ECF No. 89 at 9-10), and 3. the entirety of ECF No. 89-1." *Id.* at 6.

Plaintiffs respond that, "[a]s the Fifth Circuit noted earlier this year in *Austin v. Kroger Texas, L.P.*, [864 F.3d 326, 337 (5th Cir. 2017),] the very first Rule of Civil Procedure requires all of the remaining Rules to be 'construed, administered, and employed by the court ... to secure the just, speedy, and inexpensive determination of every action and proceeding;"; that "[t]he arguments in Defendants' last-minute filing (creatively titled as 'objections' because they likely know this Court does not permit surreplies without leave of court) – as well as the arguments in all of their other filings in this case – plainly ignore this Rule"; and that, "[p]erhaps unsurprisingly, nothing in Defendants' latest pearl-clutching rant of faux indignation even remotely addresses why they should not produce documents and information that is obviously in their possession and which they have been intentionally withholding from Plaintiffs through the entirety of the discovery period." Dkt. No. 93 at 1 (footnote omitted). "Plaintiffs respectfully ask this Court not to allow Defendants' histrionics to distract it from the substantive issues before it. Instead, it should overrule Defendants' objection, grant Plaintiffs' motion, compel the production of the withheld materials, impose an appropriate sanction, and award Plaintiffs all other relief to which they are justly entitled." *Id.* at 3 (emphasis removed).

The Court then heard oral argument on the MTC on August 25, 2017. *See* Dkt. No. 94.

For the reasons and to the extent explained below, the Court DENIES Plaintiff's Emergency Motion to Compel [Dkt. No. 79].

## Background

The pertinent factual background and procedural background is familiar to the parties and will not be recounted at length here.

As the MTC explains, "[i]n this lawsuit, Plaintiffs claim that the City is liable for damages resulting from the use of excessive force, assault, unlawful arrest and detention of James Harper, who – although unarmed and unthreatening and having committed no unlawful acts – was savagely beaten, as the evidence shows and then shot in cold blood by Defendant Officer Brian Rowden." Dkt. No. 79 at 1. Defendants, for their part, describe the case as "aris[ing] from an encounter between former Dallas Police Department ('DPD') officer Brian Rowden and James Harper on 24 July 2012" and explain that "Officer Rowden and two other DPD officers were investigating a 9-1-1 call report that several armed men appeared to be holding a man hostage at a Dallas residence"; "[t]he officers went to the residence, and the occupants fled from the residence after the officers announced themselves"; "Officer Rowden pursued James Harper into a nearby yard, where Harper violently resisted arrest in an extended struggle"; "Officer Rowden shot Harper in self-defense during that violent encounter, and Harper died of his injuries"; and "Plaintiffs brought suit against the Defendants alleging § 1983 claims." Dkt. No. 87 at 2.

Plaintiffs more specifically explain that,

[i]n their complaint, Plaintiffs have alleged *Monell* claims against Rowden's co-defendant, the City of Dallas for having a custom or policy of tolerating the excessive use of force by members of its police department, and for failing to properly train its officers on the proper use of force. During his deposition, Rowden admitted that he has "numerous" emails in his possession between himself and the City's chiefs of police *about the specific incident that is the subject of this suit.* For example:

    Q: Have you spoken with Chief Lawrence since you left the City of Dallas?

    A: No.

    Q. Did you keep a copy of the e-mails that you sent to Chief Lawrence and – well, Chief Brown?

    A. I have everything.

    Q. Have you given that to your attorney?

    A. Probably not.

    Q. Could you give a copy of all those e-mail correspondence to your attorney?

    A. It's – I possibly can. I mean, it's – it's in – everything is in a safe, and everything I have is probably that thick (indicating), but I can dig through it and get whatever I can, yes, sir.

    Q. Okay. But you're testifying without a doubt that you sent the number of e-mails to Chief Brown regarding this incident and he did not respond back to you?

    A. Yes, sir.

***

    Q. Okay. And you indicated that you – you have the conversation that you had with Chief Lawrence recorded?

    A. Yes, sir.

    Q. And do you still have copies of those?

    A. I have to look in my safe. I moved several times, but yes.

    Q. And you record – you recorded the entire conversation that you had with Chief Lawrence?

    A. Yes, I did.

    Q. So the things that you were saying that you told Chief Lawrence you would be able to confirm that it's accurate based on the recording?

    A. Yes, sir.

Because there is certainly a possibility that Rowden's communications with the head of the Dallas Police Department regarding the specific incident that is the subject of this suit may be relevant to Plaintiffs' claims," Defendants are obligated to produce them.

Dkt. No. 79 at 3-5 (footnotes omitted; emphasis in original).

In response, Defendants explain that,

[o]n 28 June 2017, the Plaintiffs took Officer Rowden's oral deposition. Officer Rowden testified that he had copies of e-mails sent to former DPD Police Chief David O. Brown and (former) DPD Chief Tom Lawrence ... regarding Officer Rowden's placement on special assignment after the conclusion of the various criminal and civil investigations into the shooting of Harper. (Appendix in Support of Plaintiffs' Motion for Compel ("Pls.' Appx.") at 29-30.) Officer Rowden also testified that he made recordings of some of his conversations with Chief Lawrence. (Id. at 53-54.) Officer Rowden testified that has moved several times in the interven-ing years, but that he would look for the e-mails and recordings referenced in his testimony. (See id.)

Despite the fact that Officer Rowden's deposition took place more than thirty days before the discovery completion deadline, the Plaintiffs never served to Officer Rowden a proper Rule 34 request. Nonetheless, in an effort to accommodate the Plaintiffs' informal production request, the Defendants repeatedly informed the Plaintiffs (via e-mail) that Officer Rowden was searching for the e-mails and recordings that are the subject of the Plaintiffs' Motion. (Pls.' Appx. at 210; Defendants' Appendix to Their Response to the Plaintiffs' Emergency Motion to Compel ("Defs.' Appx") at 6-7.) ... Officer Rowden has found some of the e-mails, some letters from his personal physician, a letter from Mr. Rowden's Dallas Police Association attorneys to former Chief David O. Brown, a commendation issued to Rowden related to his encounter with James Harper, and a memorandum informing Chief Brown that Rowden had resigned from the police department – all of which has been tendered to the Plaintiffs. (See Defs.' Appx. at 3.)

Dkt. 87 at 2-3.

## Legal Standards

"Unless otherwise limited by court order, ... [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the

issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." FED. R. CIV. P. 26(b)(1); *accord Booth v. City of Dallas*, 312 F.R.D. 427, 433 (N.D. Tex. 2015).

"Under Rule 26(b)(1), discoverable matter must be both relevant and proportional to the needs of the case – which are related but distinct requirements." *Samsung Elecs. Am., Inc. v. Chung*, ___ F. Supp. 3d ___, No. 3:15-cv-4108-D, 2017 WL 2832621, at *25 (N.D. Tex. June 26, 2017) (citing cases). "To be relevant under Rule 26(b)(1), a document or information need not, by itself, prove or disprove a claim or defense or have strong probative force or value. If it were otherwise, it would make little sense for Rule 26(b)(1) to direct courts to consider whether discovery that is relevant to any party's claim or defense is also important in resolving the issues." *Id.* at *26.

And Rule 26(b)(1) defines the scope of what is discoverable not as any nonprivileged facts but, more broadly, as "any nonprivileged matter." FED. R. CIV. P. 26(b)(1). That is, "the scope of discovery is not limited simply to 'facts,' but may entail other 'matters' that remain relevant to a party's claims or defenses, even if not strictly fact-based." *In re Blue Cross Blue Shield Antitrust Litig.*, No. 2:13-CV-20000-RDP, 2015 WL 9694792, at *2 (N.D. Ala. Dec. 9, 2015). For example, "[i]nformation relevant to a party's credibility may fall within Rule 26(b)'s scope." *Ramos v. Capitan Corp.*, No. MO16CV00075RAJDC, 2017 WL 1278737, at *3 (W.D. Tex. Feb. 2, 2017) (citing *Murillo Modular Grp., Ltd. v. Sullivan*, No. 3:13-cv-3020-M, 2016 WL 6139096, at *9

(N.D. Tex. Oct. 20, 2016)); Fed. R. Civ. P. 26, 2015 comm. note ("Proportional discovery relevant to any party's claim or defense suffices, given a proper understanding of what is relevant to a claim or defense. The distinction between matter relevant to a claim or defense and matter relevant to the subject matter was introduced in 2000. The 2000 Note offered three examples of information that, suitably focused, would be relevant to the parties' claims or defenses. The examples were 'other incidents of the same type, or involving the same product'; 'information about organizational arrangements or filing systems'; and 'information that could be used to impeach a likely witness.' Such discovery is not foreclosed by the amendments.").

Federal Rule of Civil Procedure 37(a) governs motions to compel discovery responses. Rule 37(a)(3)(B) provides that a party seeking discovery may move for an order compelling production or answers against another party when the latter has failed to produce documents requested under Federal Rule of Civil Procedure 34 or to answer interrogatories under Federal Rule of Civil Procedure 33. *See* Fed. R. Civ. P. 37(a)(3)(B)(iii)-(iv); *accord Crosswhite v. Lexington Ins. Co.*, 321 F. App'x 365, 368 (5th Cir. 2009) ("A party may move to compel production of materials that are within the scope of discovery and have been requested but not received. Fed. R. Civ. P. 37(a). Yet, a court may decline to compel, and, at its option or on motion, 'may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden ..., including ... forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters.' Fed. R. Civ. P. 26(c)(1)(D); *see also* Fed. R. Civ. P. 37(a)(5)(B)."). For purposes of Rule 37(a), "an

evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." FED. R. CIV. P. 37(a)(4).

Federal Rule of Civil Procedure 34(a)(1) provides that "[a] party may serve on any other party a request within the scope of Rule 26(b): (1) to produce and permit the requesting party or its representative to inspect, copy, test, or sample the following items in the responding party's possession, custody, or control: (A) any designated documents or electronically stored information – including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilation – stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form; or (B) any designated tangible things." FED. R. CIV. P. 34(a). Further, Federal Rule of Civil Procedure 34(b) provides that a request for production or inspection "must describe with reasonable particularity each item or category of items to be inspected" or produced. FED. R. CIV. P. 34(b)(1)(A).

In response to a Rule 34(a) request, "[f]or each item or category, the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons." FED. R. CIV. P. 34(b)(2)(B). General or boilerplate objections are invalid, and "[o]bjections to discovery must be made with specificity, and the responding party has the obligation to explain and support its objections. Amended Federal Rule of Civil Procedure 34(b)(2) effectively codifies this requirement, at least in part: 'An objection must state whether any responsive materials are being withheld on the basis of that

objection. An objection to part of a request must specify the part and permit inspection of the rest.'" *OrchestrateHR, Inc. v. Trombetta*, 178 F. Supp. 3d 476, 507 (N.D. Tex. 2016) (citing *Heller v. City of Dallas*, 303 F.R.D. 466, 483 (N.D. Tex. 2014); quoting Fed. R. Civ. P. 34(b)(2)(C)), *objections overruled*, No. 3:13-cv-2110-KS, 2016 WL 5942223 (N.D. Tex. Oct. 13, 2016).

In sum, "[a] party served with written discovery must fully answer each interrogatory or document request to the full extent that it is not objectionable and affirmatively explain what portion of an interrogatory or document request is objectionable and why, affirmatively explain what portion of the interrogatory or document request is not objectionable and the subject of the answer or response, and affirmatively explain whether any responsive information or documents have been withheld." *Heller*, 303 F.R.D. at 485.

The party resisting discovery must show specifically how each discovery request is not relevant or otherwise objectionable. *See McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990). A party resisting discovery must show how the requested discovery is overly broad, unduly burdensome, or oppressive by submitting affidavits or offering evidence revealing the nature of the burden. *See Merrill v. Waffle House, Inc.*, 227 F.R.D. 475, 477 (N.D. Tex. 2005); *see also S.E.C. v. Brady*, 238 F.R.D. 429, 437 (N.D. Tex. 2006) ("A party asserting undue burden typically must present an affidavit or other evidentiary proof of the time or expense involved in responding to the discovery request."). "Failing to do so, as a general matter, makes

such an unsupported objection nothing more than unsustainable boilerplate." *Heller*, 303 F.R.D. at 490.

And the Court has previously explained that "responding to interrogatories and document[] requests 'subject to' and/or 'without waiving' objections is manifestly confusing (at best) and misleading (at worse), and has no basis at all in the Federal Rules of Civil Procedure"; "this manner of responding to a document request or interrogatory leaves the requesting party guessing and wondering as to the scope of the documents or information that will be provided as responsive will be"; "outside of the privilege and work product context..., responding to a document request or interrogatory 'subject to' and 'without waiving' objections is not consistent with the Federal Rules or warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law"; "a responding party has a duty to respond to or answer a discovery request to the extent that it is not objectionable" and "must describe what portions of the interrogatory or document request it is, and what portions it is not, answering or responding to based on its objections and why"; "if the request is truly objectionable – that is, the information or documents sought are not properly discoverable under the Federal Rules – the responding party should stand on an objection so far as it goes"; and, "as a general matter, if an objection does not preclude or prevent a response or answer, at least in part, the objection is improper and should not be made." *Carr v. State Farm Mutual Automobile Insurance Company*, 312 F.R.D. 459, 470 (N.D. Tex. 2015) (quoting *Heller*, 303 F.R.D. at 487-88 (internal quotation marks omitted)).

A party who has objected to a discovery request must, in response to a Rule 37(a) motion to compel, urge and argue in support of its objection to an interrogatory or request, and, if it does not, it waives the objection. *See OrchestrateHR*, 178 F. Supp. 3d at 507 (citing *Dolquist v. Heartland Presbytery*, 221 F.R.D. 564, 568 (D. Kan. 2004); *Cotracom Commodity Trading Co. v. Seaboard Corp.*, 189 F.R.D. 655, 662 (D. Kan. 1999)).

Federal Rules of Civil Procedure 26(b) and 34 have been amended, effective December 1, 2015. These amendments govern in all proceedings in civil cases thereafter commenced and, insofar as just and practicable, in all proceedings then pending. The Court finds that applying the standards of Rules 26 and 34, as amended, in resolving Plaintiffs' MTC is both just and practicable. And, for the reasons the Court has previously explained, the amendments to Rule 26 do not alter the burdens imposed on the party resisting discovery discussed above. *See Carr*, 312 F.R.D. at 463-69. Rather, just as was the case before the December 1, 2015 amendments, under Rules 26(b)(1) and 26(b)(2)(C)(iii), a court can – and must – limit proposed discovery that it determines is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit – and the court must do so even in the absence of a motion. *See Crosby v. La. Health Serv. & Indem. Co.*, 647 F.3d 258, 264 (5th Cir. 2011). Thus, as amended, Rule 26(b)(2)(C) provides that, "[o]n motion or on its own, the court must

limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." FED. R. CIV. P. 26(b)(2)(C).

But a party seeking to resist discovery on these grounds still bears the burden of making a specific objection and showing that any discovery request that is relevant to any party's claim or defense fails the proportionality calculation mandated by Rule 26(b) by coming forward with specific information to address – insofar as that information is available to it – the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. *Accord First Am. Bankcard, Inc. v. Smart Bus. Tech., Inc.*, No. CV 15-638, 2017 WL 2267149, at *1 (E.D. La. May 24, 2017) ("In this instance, defendant has offered nothing more than a boilerplate proportionality objection, without providing any information concerning burden or expense that the court would expect to be within defendant's own knowledge.").

The party seeking discovery, to prevail on a motion to compel, may well need to make its own showing of many or all of the proportionality factors, including the importance of the issues at stake in the action, the amount in controversy, the parties'

relative access to relevant information, the parties' resources, and the importance of the discovery in resolving the issues, in opposition to the resisting party's showing.

And the party seeking discovery is required to comply with Rule 26(b)(1)'s proportionality limits on discovery requests; is also subject to Federal Rule of Civil Procedure 26(g)(1)'s requirement to certify "that to the best of the person's knowledge, information, and belief formed after a reasonable inquiry: ... (B) with respect to a discovery request..., it is: (i) consistent with these rules and warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law, or for establishing new law; (ii) not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; and (iii) neither unreasonable nor unduly burdensome or expensive, considering the needs of the case, prior discovery in the case, the amount in controversy, and the importance of the issues at stake in the action"; and faces Rule 26(g)(3) sanctions "[i]f a certification violates this rule without substantial justification." FED. R. CIV. P. 26(g)(1)(B), 26(g)(3); *see generally Heller*, 303 F.R.D. at 475-77, 493-95.

But the amendments to Rule 26(b) do not alter the basic allocation of the burden on the party resisting discovery to – in order to successfully resist a motion to compel – specifically object and show that the requested discovery does not fall within Rule 26(b)(1)'s scope of relevance (as now amended) or fails the required proportionality calculation or is otherwise objectionable. *See McLeod*, 894 F.2d at 1485; *Heller*, 303 F.R.D. at 483-93.

Additionally, "a proper Rule 37(a) motion to compel ... must include a certification that the movant has made a good faith effort to meet and confer regarding the specific discovery disputes at issue, and to resolve them without court intervention, as required by Federal Rule of Civil Procedure 37(a)(1) and Northern District of Texas Local Civil Rule 7.1." *Samsung Elecs. Am. Inc. v. Chung*, No. 3:15-cv-4108-D, 2017 WL 896897, at *13 (N.D. Tex. Mar. 7, 2017) (internal quotation marks omitted); *accord* FED. R. CIV. P. 37(a)(1) ("The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."); *Brown v. Bridges*, No. 12-cv-4947-P, 2015 WL 11121361, at *4 (N.D. Tex. Jan. 30, 2015) ("Conference requirements encourage resolving discovery disputes without judicial involvement. Failure to confer or attempt to confer may result in unnecessary motions. When the court must resolve a dispute that the parties themselves could have resolved, it must needlessly expend resources that it could better utilize elsewhere. Failure to confer generally serves as a basis for denying a discovery motion." (internal quotation marks and citations omitted)), *on reconsideration in part*, 2015 WL 12532137 (N.D. Tex. June 22, 2015); *Brown v. Bridges*, No. 3:12-cv-4947-P, 2014 WL 2777373, at *2 (N.D. Tex. June 19, 2014) ("[T]he conference requirement is in place to require the parties to communicate and coordinate in good faith to attempt to resolve any nondispositive dispute without court intervention. The requirement is part and parcel of the ethical rules governing attorneys and the court rules governing all parties, including pro se parties, that require all parties to engage in meaningful discussions

in an attempt to resolve matters without court intervention. *See Dondi Properties Corp. v. Commerce Savings & Loan Ass'n*, 121 F.R.D. 284, 289-90 (N.D. Tex.1988).*"). "When a motion to compel addresses a number of matters, a good faith effort to confer typically requires that the parties discuss each matter in good faith to comply with conference requirements. When it may require several hours of court time to resolve the numerous issues raised; it seems logical that the parties will have spent an equal or greater amount of time attempting to resolve the issues without judicial involvement." *Brown*, 2015 WL 11121361, at *4 (internal quotation marks and citation omitted).

A proper Rule 37(a) motion to compel also "must attach a copy of the discovery requests at issue (such as Rule 34 requests for production or inspection, Rule 33 interrogatories, a transcript of deposition testimony, deposition notice, or subpoena) and of the resisting party's responses and objections to those requests; must specifically and individually identify each discovery request in dispute and specifically, as to each request, identify the nature and basis of the dispute, including, for example, explaining ... how a response or answer is deficient or incomplete, and ask the Court for specific relief as to each request; and must include a concise discussion of the facts and authority that support the motion as to each discovery request in dispute." *Samsung*, 2017 WL 896897, at *13.

Federal Rule of Civil Procedure 37(a)(5)(A) provides that, if a motion to compel is granted, or if the requested discovery is provided after the motion was filed, "the court must, after giving an opportunity to be heard, require the party ... whose conduct

necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees," except that "the court must not order this payment if: (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." FED. R. CIV. P. 37(a)(5)(A); *accord Washington v. M. Hanna Const. Inc.*, 299 F. App'x 399, 402 (5th Cir. 2008).

Federal Rule of Civil Procedure 37(a)(5)(B)-(C) further provides in pertinent part that, "[i]f the motion is denied, the court may issue any protective order authorized under Rule 26(c) and must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party ... who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees," "[b]ut the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust," and that, "[i]f the motion is granted in part and denied in part, the court may issue any protective order authorized under Rule 26(c) and may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion." FED. R. CIV. P. 37(a)(5)(B)-(C); *accord De Angelis v. City of El Paso*, 265 F. App'x 390, 398 (5th Cir. 2008).

"[A] motion is 'substantially justified' if there is a genuine dispute, or if reasonable people could differ as to [the appropriateness of the contested action]." *De Angelis*, 265 F. App'x at 398 (internal quotation marks omitted); *see also Heller*, 303

F.R.D. at 477 ("The United States Supreme Court has defined 'substantially justified' to mean 'justified in substance or in the main – that is, justified to a degree that could satisfy a reasonable person.' 'Substantial justification' entails a 'reasonable basis in both law and fact,' such that 'there is a genuine dispute ... or if reasonable people could differ [as to the appropriateness of the contested action].'" (citations omitted)).

Federal Rule of Civil Procedure 26(e)(1) provides that "[a] party ... who has responded to an interrogatory, [or] request for production ... must supplement or correct its ... response: (A) in a timely manner if the party learns that in some material respect the ... response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or (B) as ordered by the court." FED. R. CIV. P. 26(e)(1). Federal Rule of Civil Procedure 37(c)(1), in turn, provides that, "[i]f a party fails to provide information ... as required by ... [Rule 26(e)], the party is not allowed to use that information ... to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless," and that, "[i]n addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard: (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure; (B) may inform the jury of the party's failure; and (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi)." FED. R. CIV. P. 37(c)(1).

Finally, Federal Rule of Civil Procedure 37(e), as amended effective December 1, 2015, provides for sanctions against a party for the failure to preserve electronically

stored information. *See* FED. R. CIV. P. 37(e) ("If electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery, the court: (1) upon finding prejudice to another party from loss of the information, may order measures no greater than necessary to cure the prejudice; or (2) only upon finding that the party acted with the intent to deprive another party of the information's use in the litigation may: (A) presume that the lost information was unfavorable to the party; (B) instruct the jury that it may or must presume the information was unfavorable to the party; or (C) dismiss the action or enter a default judgment."). Rule 37(e) as amended governs all civil cases commenced after December 1, 2015 and, insofar as just and practicable, all proceedings then pending.

## Discussion

I.  <u>Plaintiffs' compliance with the conference and others requirement for the MTC</u>

Defendants contend that the MTC should be denied outright because "Plaintiffs do not satisfy their initial burden to certify that they made a good faith effort to resolve the discovery dispute without court inter-vention, fail to attach a copy of the discovery requests at issue and the Defendants' responses and objections to those requests, and fail to show how and why the Defendants' response is deficient or incomplete." Dkt. No. 87 at 1. Defendants further assert that

> Plaintiffs' Certificate of Conference (Motion at 7) fails to state that the Plaintiffs have made a good faith effort to meet and confer as to the specific discovery disputes in issue. The certificate instead merely states

that the Plaintiffs' counsel sent an e-mail to the undersigned on 27 July 2017, and that the undersigned did not respond. That is insufficient. Moreover, it is untrue. The undersigned plainly responded to the Plaintiffs' counsel on 27 July 2017, and stated that Officer Rowden was continuing his search for the documents, which may be stored in many not readily accessible locations, and that the police department does not have copies of all of the autopsy photos. (Pls.' Appx. at 211.) The 27 July 2017 e-mail exchange reprised a previous e-mail exchange on 11 July 2017. (Compare Pls.' Appx. at 211 with Defs.' Appx. at 6-7.) The Court should deny the Motion because the insufficient Certificate of Conference alone.

....

This Court also has stated that one of the "threshold requirements for a proper Rule 37(a) motion to compel" is the attachment of a copy of the discovery requests in issue. *Samsung Electronics America Inc. v. Chung*, No. 3:15-cv-4108-D, 2017 WL 896897, at *13 (N.D. Tex. Mar. 7, 2017) (Horan, M.J.) (citing *Harrison*, 2016 WL 1392332, at *7). The Plaintiffs failed to comply with this threshold requirement. The Plaintiffs' 212-page appendix contains the entirety of Officer Rowden's 28 June 2017 oral deposition (minus the deposition exhibits), and the e-mail exchanges between the parties' counsel, discussed above. (See Pls.' Appx.) But, conspicuously absent from the Plaintiffs' appendix are the discovery instruments that obligate the Defendants to provide Rowden's e-mails and recordings in issue, or the Defendants' objections to any such dis-covery requests. (See id.)

Thus, as it stands, the Plaintiffs' failure to meet the threshold requirements of a sufficient motion to compel requires the Court to deny the Motion. Furthermore, as this Court explained in *Harrison*, a party seeking an order compelling discovery may not cure omissions in its opening motion and brief by supplying the missing evidence in a reply or at trial. *Harrison*, 2016 WL 1392332, at *7 ("Plaintiff has not filed a reply, but, even if Plaintiff had and therein provided more particular arguments and information, it would have come too late where arguments should not be made, and this missing level of detail and information should not be included for the first time in a reply," and citing cases). Therefore, it would be both insufficient and improper for the Plaintiffs to provide the missing discovery requests in their reply brief.

....

As a consequence of Plaintiffs' failure to provide the discovery requests and responses in issue, the Plaintiffs fail to meet the threshold requirement of identifying "each discovery request in dispute and specifically, as to each request, identify the nature and basis of the dispute." *See Harrison*, 2016 WL 1392332, at *7. Instead of providing that

necessary information, Plaintiffs engage in an extended exposition of the scope of discovery under Rule 26(b)(1), a proposition that is not in issue. Moreover, the Plaintiffs do not identify any request for production directed to Officer Rowden in which the subject e-mails or audio recordings would be responsive. (*See* Motion.) That is understandable, because, as stated above, the Plaintiffs have never served to Officer Rowden any request for production.

Rule 34 provides that a party "may serve on any other party a request within the scope of Rule 26(b)." Fed. R. Civ. P. 34(a). Rule 26(g)(1) required the Plaintiffs' counsel to sign any request for production, and Rule 26(g)(2) plainly states that "[o]ther parties have no duty to act on an unsigned disclosure, request, response, or objection until it is signed." The Plaintiffs have not provided any such signed request for production, much less one that contains the requesting attorney's address, e-mail address, and telephone number, as is required by Rule 26(g)(1). (*See* Pls.' Appx.) Nor do the Plaintiffs show that they served their request. Service of all discovery papers is controlled by Rule 5(b), which does not permit service by electronic means unless the person to be served consents in writing. Fed. R. Civ. P. 5(b)(2)(E). The Plaintiffs' appendix does not show consent by the Defendants to service of discovery requests by electronic means (*see* Pls.' Appx.), and the Defendants have not given that consent. (Defs.' Appx. at 3-4.)

Along similar lines, the Plaintiffs do not direct the Court to any part of Officer Rowden's deposition where the Plaintiffs made a specific production request to Rowden. But, even if they had, the Defendants assert that such a request does not obligate them, pursuant to Rule 34, to provide a formal response or objection. Nevertheless, Officer Rowden has treated the relevant exchange in Officer Rowden's deposition as an informal request for production, and Officer Rowden has produced some responsive items and continues to look for others.

....

In this context, and even assuming that the Plaintiffs' informal request made at a deposition for Officer Rowden to give e-mails to his attorney constitutes a Rule 34 request that can be compelled, that means that Officer Rowden should look in those places where the requested items are most likely to be found. Officer Rowden has done that. Officer Rowden testified in his deposition that he has moved several times in the years since his July 2012 encounter with Harper. (*See* Pls.' Appx at 53.) Since the deposition, Officer Rowden has searched multiple locations where the materials are likely to be found. Officer Rowden has searched:

• his current address;
• his former spouse's current address;
• his parents' current address;

> • his parents' former address (barn); and
> • personal storage units
> (Defs.' Appx. at 1-2 (Declaration of Brian Rowden).)
>
>       Officer Rowden clearly has conducted a reasonable search for the e-mails and recordings. Officer Rowden's searches have yielded some items, and he will continue to search for more (*see id.*). Officer Rowden has satisfied the obligations that he has under Rule 34, if any, and more. If necessary, Officer Rowden will execute another declaration when he has exhausted his search, to state whether he has found any additional items.
>
> ....
>
>       Despite the fact that the Plaintiffs have not served a Rule 34 production request to Officer Rowden, Officer Rowden nonetheless undertook a search for e-mails and recordings discussed in his deposition. (Defs.' Appx. at 1-2 (Declaration of Brian Rowden).) Officer Rowden has located some of those e-mails and other materials, which have been tendered to the Plaintiffs. (*See id.* at 4 (Declaration of Jason G. Schuette).) And, even though the Plaintiffs have never served to Officer Rowden a Rule 34 production request, he will continue his look for additional e-mails and the recordings discussed in his deposition, and he will produce them to the Plaintiffs if he locates any additional material, subject to any privileges. Therefore, the Plaintiffs' Motion is moot with respect to the e-mails and recordings.

*Id.* at 3-7.

Plaintiffs reply that the "Court should ignore Defendants' request for this Court to ignore the substance of Plaintiffs' legitimate complaints because of alleged procedural deficiencies with Plaintiffs' motion." Dkt. No. 89 at 2. According to Plaintiffs, unlike in *Harrison*, "in which the court specifically noted that the plaintiff's counsel's email communications with the defendant's counsel on the day before filing the motion to compel did not discuss how the defendant's responses and document productions were deficient," "[h]ere, by contrast, Plaintiffs' counsel's correspondence plainly did so." *Id.* (footnote omitted). And Plaintiffs contend that the Court's *Samsung* decision "specifically provides that a party can attach a deposition transcript to a

motion to compel in order to identify the discovery request in dispute"; that "[e]xcerpts of this deposition were specifically referenced in Plaintiffs' motion to compel"; that "there can be no question that Defendants' counsel was aware of the information that Plaintiffs sought before they filed the motion to compel"; and that, "[a]lthough Plaintiffs acknowledge that the specific discovery requests were not included in the appendix to their motion, Defendants have no plausible argument that they were not aware of the substance of Plaintiffs' motion before it was filed. It was very clear what the Plaintiffs were requesting as the Defendants did not produce a single document where they requested clarity as to what the Plaintiffs were requesting." *Id.* at 3 (footnote omitted).

Plaintiffs further argue that "Defendants' allegations that relief should be denied because of an alleged inadequacy with Plaintiffs' certificate of conference is similarly meritless. Plaintiffs' good-faith basis to resolve this dispute is evident from the substance of their e-mail communications, and this Court should not permit Defendants to ignore the discovery rules simply by refusing to respond to Plaintiffs' counsel's e-mail. Defendants' counsel's initial response that the information is not "readily accessible" and that they "continue to look" for the information is irrelevant." *Id.* at 4 (footnote omitted). And, according to Plaintiffs, "Defendants tacitly concede that their counsel did not respond to Plaintiffs' counsel's final e-mail before filing the motion, which also weighs in favor of a presumption that Plaintiffs made a good-faith effort to resolve this dispute without court intervention." *Id.* at 5.

Finally, Plaintiffs explain that,

[e]ven assuming – without conceding – that a litigant's promise under oath at a deposition was insufficient to demonstrate a party's intent to produce the promised information, the formal discovery requests to Defendant City of Dallas plainly covered the requested information. Here, in November 2015, Plaintiffs sent requests for production to the City in which they requested the following, and received the following responses:

3. Please produce any and all audio/video recordings pertaining to the incident.

RESPONSE: The City will supplement this request.

4. Please produce any written or typed statements, including memorandums, produced by Dallas Police Officer Clark Brian Rowden concerning the incident made at the request of any ranking officer of the Dallas Police Department.

RESPONSE: Please see the statements and reports included within the Internal Affairs Report No. 2012-306 on the attached DVD.

5. Please produce any written or typed statements, including memorandums, produced by any Dallas Police officers concerning the incident made at the request of any ranking officer of the Dallas Police Department.

RESPONSE: Please see the statements and reports included within the Internal Affairs Report No. 2012-306 on the attached DVD.

12. Please produce all documents supporting, discussing or concerning one or more of the facts, events, claims or other matters alleged in the Answer filed by you.

RESPONSE: (Summary: The requests are overly broad and may be attorney-client privileged.)

13. Please produce all documents constituting, discussing, reflecting or concerning communications, including, but not limited to, conversations and correspondence between you or any of your representatives or attorneys, and the parties in this matter, concerning, in whole or in part, one or more of the facts, events, claims or other matters alleged in the pleadings filed in this lawsuit.

RESPONSE: (Summary: The requests are overly broad, may be attorney-client privileged, and fails to state the materials with particularity.)

14. Please produce all written communications between you and the parties to this lawsuit regarding the incident made the basis of this suit.

RESPONSE: (Summary: The requests are overly broad and may be attorney-client privileged.)

18. Please produce all statements of witnesses referring to the incident in question involving James Harper.
RESPONSE: Please see the statements and reports included within the Internal Affairs Report No. 2012-306 on the attached DVD.
21. Please produce any and all memoranda, reports, or other writings relating to the City of Dallas' investigation of Brian Rowden in connection with the incident made the basis of this lawsuit.
RESPONSE: Please see the statements and reports included within the Internal Affairs Report No. 2012-306 on the attached DVD.
26. Please produce copies of all e-mails, facsimile, text messages, voice mails, personal notes, and electronic communications in your custody concerning James Harper and/or this incident made the basis of this lawsuit.
RESPONSE: (Summary: The requests are overly broad.)
Here, notwithstanding these objections however, Rowden promised to provide additional responsive documents and recordings during his sworn deposition over a year later, but the City never supplemented its discovery responses as required under the Rules. But Defendants did not produce a single document responsive to these requests. Instead, Defendant Rowden produced 10 documents, all wholly unrelated to the requests, which Defendants' counsel acknowledged. And perhaps most importantly, Defendants have failed to explain how the City – whose employees were unquestionably on the receiving end of Rowden's e-mails and letters – fail to have copies of these communications in their possession as well. It's clear that the Defendants have either deleted or destroyed the stack of documents Rowden referred to during his deposition. Rowden unequivocally indicated during his deposition that he still had the documents and recordings in his possession. The Defendants simply should not be allowed to hide documents and recordings that undoubtable be harmful to their case.

*Id.* at 5-8 (footnote omitted).

As to the first matter of sufficiently conferring before filing the MTC, as another

judge in this district has explained:

A failure to satisfy conference requirements does not, however, mandate summary denial of their motions because the Court retains discretion to "waive strict compliance with the conference requirements" and to

consider the motions on their merits. The Court may deem a failure to confer excusable when the conference would merely be "a waste of time," *Vinewood Capital, L.L.C. v. Al Islami*, No. 4:06-cv-316-Y, 2006 WL 3151535, at *2 (N.D. Tex. Nov. 2, 2006), or when "it is clear that the motion is opposed and that a conference would neither have eliminated nor narrowed the parties' dispute," *Obregon v. Melton*, No. 3:02-cv-1009-D, 2002 WL 1792086, at *1 n.3 (N.D. Tex. Aug. 2, 2002). But the Court will not presume that a conference will be unproductive and a waste of time simply because the parties have a bitter history and an apparent inability to get along well. The conference requirements of the Federal Rules of Civil Procedure and the local rules of this Court serve the important function of narrowing or eliminating issues before a party seeks judicial involvement. This function is particularly important when the parties consistently seek sanctions for alleged non-compliance with discovery or court-imposed obligations.

*Brown*, 2015 WL 11121361, at *5.

The Court concludes that "further delay in addressing the motion[] to compel would not comport with the overriding principle set forth in Fed. R. Civ. P. 1 that the courts construe and administer the Federal Rules of Civil Procedure 'to secure the just, speedy, and inexpensive determination of every action and proceeding.' Consequently, the Court will overlook [any] failures to confer. Of course, the failures to confer may impact the availability of sanctions should the Court grant the motions, *see* FED. R. CIV. P. 37(a)(5)(A)(i), and an exhibited lack of cooperation by [Plaintiffs] may constitute 'other circumstances [that] make an award of expenses unjust,' *see* FED. R. CIV. P. 37(a)(5)(B)." *Id.*; *accord Mitchell v. Univ. of La. Sys.*, No. Civ. A. 13-820-JWD, 2015 WL 1540532, at *5 (M.D. La. Apr. 7, 2015) ("Defendant's failure to conduct or attempt to conduct a proper Rule 37(a) conference prior to filing its Motion to Compel is grounds for denial. *Shaw Grp. Inc. v. Zurich Am. Ins. Co.*, No. 12-257, 2014 WL 4373197, at *3 (M.D. La. Sept. 3, 2014). Defendant should have first met and conferred with Plaintiff

and then, if the discovery issues could not be resolved between the parties, sought leave of court to file an untimely Motion to Compel. Nevertheless, in light of Plaintiff's voluminous productions and untimely written discovery responses, the court will proceed to the merits of Defendant's Motion to Compel and consider Defendant's failure to conduct a proper Rule 37(a) conference when determining whether to award any sanctions."). And the parties must properly confer going forward before filing any discovery motions, which may be denied based on future failures to abide by the conference requirements.

As for the failure to identify the discovery requests at issue, Plaintiffs made clear in their MTC that the requests at issue are their verbal requests to Rowden during his deposition. And, in reply, they concede that they did not serve written requests for production on Rowden.

As another court in this circuit has explained:

> Federal Rule of Civil Procedure 34 provides for the discovery of documents and tangible items. A party seeking discovery must serve a request for production on the party believed to be in the possession, custody, or control of the documents or other evidence. FED. R. CIV. P. 34(a). The request is to be in writing and must set forth, among other things, the desired items with "reasonable particularity." FED. R. CIV. P. 34(b). A request for production must be served on the party to whom it is directed, as well as all other parties to the action, generally through the parties' attorney of record. FED. R. CIV. P. 5. Finally, "every discovery request ... must be signed by at least one attorney of record in the attorney's own name", thereby making certain certifications regarding the appropriate nature of the request. FED. R. CIV. P. 26(g)(1). This certification is no mere formality – an improper certification can subject the signer to sanctions and parties have no duty to act on an unsigned request. FED. R. CIV. P. 26(g)(2) and (3).
> The Federal Rules of Civil Procedure provide necessary boundaries and requirements for formal discovery. Parties must comply with such

requirements in order to resort to the provisions of Rule 37. "It is axiomatic that a court may not compel the production of documents under Rule 37 unless the party seeking such an order has served a proper discovery request on the opposing party." *Texas Democratic Party v. Dallas County, Texas*, 2010 WL 5141352 (N.D. Tex. Dec. 9, 2010). *See also* Ledbetter v. United States, 1996 WL 739036 at *2 (N.D. Tex. Dec. 18, 1996) ("[A] motion to compel pursuant to the enforcement provisions of [] Rule 37 clearly contemplates that the parties have relied on the formal discovery rules.").

*SJB Grp., LLC v. TBE Grp., Inc.*, No. CIV.A. 12-181-SDD, 2013 WL 2928214, at *3 (M.D. La. June 13, 2013) (footnote omitted). "Whether the documents [at issue] are relevant ... is of no significance absent a proper request for production." *Tex. Democratic Party*, 2010 WL 514132, at *2.

Plaintiffs' counsel's oral requests at Rowden's deposition do not satisfy the requirements for a Rule 34(a) request, enforceable by a Rule 37(a)(3)(iv) motion to compel. *See* FED. R. CIV. P. 34(b)(1) ("The request: (A) must describe with reasonable particularity each item or category of items to be inspected; (B) must specify a reasonable time, place, and manner for the inspection and for performing the related acts; and (C) may specify the form or forms in which electronically stored information is to be produced."). And there is no basis in the rules to enforce an unwritten request that is not signed as Federal Rule of Civil Procedure 26(g)(2) specifies that "[o]ther parties have no duty to act on an unsigned ... request ... until it is signed, and the court must strike it unless a signature is promptly supplied after the omission is called to the attorney's or party's attention." FED. R. CIV. P. 26(g)(2).

But Plaintiffs also asserted in their MTC that, "[b]ecause there is certainly a possibility that Rowden's communications with the head of the Dallas Police

Department regarding the specific incident that is the subject of this suit may be relevant to Plaintiffs' claims, Defendants are obligated to produce them" and that, "because Defendants have failed to produce the e-mails and recordings despite numerous requests, Plaintiffs respectfully request this Court to issue an order compelling their discovery." Dkt. No. 79 at 5, 6.

The MTC does not clearly assert that the City of Dallas is obligated to produce the materials raised in Rowden's deposition or on the basis of what discovery requests it would have that obligation. Defendants assert that the MTC does not address that issue or requested relief and that Plaintiffs' MTC "is clear as to what documents and materials were in issue, and from what source: Officer Rowden." Dkt. No. 92 at 2. According to Defendants, "[n]owhere in their [MTC] do the Plaintiffs so much as suggest that they seek relief based upon a request for production served to the Defendant City of Dallas, or even allude to that discovery paper"; "Plaintiffs did not include the City's objections and responses to the Plaintiffs' production request in the appendix to the" MTC; "the e-mail exchanges between counsel regarding Officer Rowden's documents pertain exclusively to items that Officer Rowden was asked to produce"; and "nowhere in Officer Rowden's deposition do the Plaintiffs mention their request for production to the City." *Id.* at 3 (emphasis removed). Defendants contend that "Plaintiffs never raised in any form or fashion a production request made to the City as a basis for their motion to compel – until they raised it in their Reply," and "Defendants therefore object." *Id.*

The Court agrees that Plaintiffs did not clearly seek relief from the City of Dallas or direct their MTC to requests to the City of Dallas, and Plaintiffs never explained which, if any, written discovery requests to the City were at issue until their reply or how they failed to comply with their obligations under the requests. And doing so for the first time in a reply is too late. *See Samsung*, 2017 WL 896897, at *15; *Harrison*, 2016 WL 1392332, at *7.

The Court appreciates the importance of Federal Rule of Civil Procedure 1. But insisting on briefing rules that clearly inform the other parties and the Court what is at issue and what a party seeks as relief through a motion and why advances "the just, speedy, and inexpensive determination of every action and proceeding." FED. R. CIV. P. 1. So, too, does requiring compliance with the Federal Rules governing discovery procedures. *See generally Starlight Int'l Inc. v. Herlihy*, 186 F.R.D. 626, 649 (D. Kan. 1999) ("Failure to comply with the rules of discovery often makes it impossible for cases to proceed with any degree of regularity or to be resolved in a 'just, speedy and inexpensive' manner." (internal quotation marks omitted)).

It does not advance the cause of efficient and inexpensive resolution of discovery issues to permit a movant's requested relief and the basis for that request to be a moving target or a matter of guesswork for the Court and the other parties. *Cf. Jones v. Dallas Cty.*, 47 F. Supp. 3d 469, 478 n.3 (N.D. Tex. 2014) ("The court emphasizes that its local civil rules are not simply technical niceties that can be disregarded without cost. They are designed to conform the briefing and decisional processes to the goal of Fed. R. Civ. P. 1: 'to secure the just, speedy, and inexpensive determination of

every action and proceeding.' When, as here, they are disregarded, there is a cost – in this instance, the burden placed on the court in deciding the summary judgment motions.").

And Rule 1's general direction on how to construe, administer, and apply the Federal Rules – or, for that matter, the proximity of a motion's filing to a trial date – is not a license to ignore the more specific rules' commands or routinely excuse parties' noncompliance. *See* FED. R. CIV. P. 1, 2015 comm. note ("Rule 1 is amended to emphasize that just as the court should construe and administer these rules to secure the just, speedy, and inexpensive determination of every action, so the parties share the responsibility to employ the rules in the same way. Most lawyers and parties cooperate to achieve these ends. But discussions of ways to improve the administration of civil justice regularly include pleas to discourage over-use, misuse, and abuse of procedural tools that increase cost and result in delay. Effective advocacy is consistent with – and indeed depends upon – cooperative and proportional use of procedure. This amendment does not create a new or independent source of sanctions. Neither does it abridge the scope of any other of these rules."); FED. R. CIV. P. 1, 1993 comm. note ("The purpose of this revision, adding the words 'and administered' to the second sentence, is to recognize the affirmative duty of the court to exercise the authority conferred by these rules to ensure that civil litigation is resolved not only fairly, but also without undue cost or delay. As officers of the court, attorneys share this responsibility with the judge to whom the case is assigned."); *see also Varhol v. Nat'l R.R. Passenger Corp.*, 909 F.2d 1557, 1574 (7th Cir. 1990) (en banc) (Manion, J., concurring) ("The real issue

here is whether the federal rules, as written, bind the federal courts. On this issue, the Supreme Court has recently and emphatically spoken: in applying the federal rules, our task is to apply the rules' text as we find it, not to change it or attempt to improve it. *See Pavelic & LeFlore*, 110 S. Ct. at 460. Appeals to Rule 1 and 'the interest of justice' do not excuse us from heeding this command. The problem with relying on Rule 1 is that Rule 1 is a rule of construction. .... Rules of construction such as Rule 1 are necessary to interpret unclear statutes. Rules 59 and 6, however, do not require a rule of construction to aid in their interpretation. Rule 1 just does not apply to this case, and we ought not use that rule as a warrant to bend the other rules any time an arguably harsh result may offend our sense of 'justice.'").

At the same time, it appears to the extent that Plaintiffs are belatedly asking "the Court to order compliance with the [City of Dallas's] ongoing obligation to supplement discovery responses under Rule 26(e), as opposed to a traditional motion to compel concerning a party's initial responses to discovery," the Court notes that, as Defendants' counsel repeatedly acknowledged, "[u]nder Rule 26(e), parties have an ongoing obligation to continuously supplement their discovery responses. That obligation is in no way limited by the discovery deadlines imposed by the Court's Scheduling Order pursuant to Rule 16." *United States v. State of La.*, No. CV 11-470-JWD-RLB, 2015 WL 5595630, at *1 (M.D. La. Sept. 21, 2015).

Counsel for the City of Dallas repeatedly assured the Court during oral argument that, in compliance with its ongoing supplementation obligations, the City of Dallas is continuing to search for documents responsive to Plaintiffs' discovery

requests served on the City of Dallas, including documents described during Rowden's deposition, and that it will produce anything that it finds through a diligent search. As the Court discussed with counsel during oral argument, and without objection by the City of Dallas as to this proposed requirement, the Court believes it is fair and appropriate to require the City of Dallas to serve a sworn declaration by a person with knowledge on Plaintiffs' counsel to describe the City of Dallas's efforts in this regard and the results of those efforts. The City of Dallas must do so by **September 1, 2017**.

After considering Rowden's deposition testimony and his declaration filed with Defendants' response to the MTC, Plaintiffs have not made a sufficient showing under Rule 37(e), which the Court finds to justly and practicably govern in this case, that electronically stored information that should have been preserved in the anticipation or conduct of this litigation is lost because Defendant Brian Rowden or Defendant City of Dallas failed to take reasonable steps to preserve it or that it cannot be restored or replaced through additional discovery or that either Defendant Brian Rowden or Defendant City of Dallas acted with the intent to deprive another party of the information's use in the litigation.

If, after receiving and reviewing the sworn declaration served by the City of Dallas, Plaintiffs believe that further proceedings or discovery or relief is appropriate, they must file an appropriate, properly supported motion specifically seeking that relief. But the Court determines that, at this time and on the present MTC, no further relief is warranted or appropriate and otherwise DENIES the MTC insofar as it seeks

an order compelling production of e-mail communications and recordings of telephone conversations that Rowden admitted at his deposition that he has in his possession.

II.   <u>Plaintiffs' request for autopsy photos</u>

Defendants explain that,

> [a]lthough not at all clear from the [MTC], it appears that the Plaintiffs seek an order compelling the City to produce the autopsy photos of James Harper taken by the Dallas County Medical Examiner's Office. (See Motion at 1-2: "Accordingly, Plaintiffs respectfully request this Court to issue an order compelling their production.") Here again, the Plaintiffs fail to show that they are entitled to any relief. As before, the Plaintiffs fail to direct the Court to any Rule 34 request for production that covers such items (see Motion), or include a pertinent request and the City's response in their appendix (*see* ECF No. 80). Therefore, the Plaintiffs fail to satisfy the threshold requirements of a motion to compel. *Harrison*, 2016 WL 1392332, at *7.
>
> But setting aside the Plaintiffs' failure to meet the minimal pleading obligations, the City has unambiguously informed the Plaintiffs that the City has provided what autopsy photos it has. (See Pls.' Appx. at 211.) *See, e.g.*, Turner v. Roach, No. 1:11-cv-168 SNLJ, 2012 WL 1110114, at *2 (E.D. Mo. Apr. 3, 2012) (denying a motion to compel production of video footage where "defendant has stated that he has provided all documents and footage that he is able to provide, and the Court notes that Rule 34 provides for the production of documents and things within 'the responding party's possession, custody, or control.'") (citing Fed. R. Civ. P. 34(a)(1)). Here, the Plaintiffs' Motion does not explain how autopsy photos in the possession of the Dallas County Medical Examiner are in the "possession, custody, or control" of the Dallas Police Department, much less the legal basis for the Plaintiffs' insistence that the City is obligated to acquire those photos for the Plaintiffs.
>
> Finally, the Plaintiffs complain that they have "requested the identity of the individual who failed to request the entire content of the medical examiner's case file but the Defendants have refused to disclose." (Motion at 2.) Once again, in the motion to compel, the Plaintiffs fail to meet their threshold obligation to direct the Court to a discovery obligation that the City has failed to fulfill, such as a Rule 33 interrogatory. Plaintiffs certainly do not cite any case authority for the proposition that a party is *obligated*, pursuant to a motion to compel and/or under pain of Rule 37 sanctions, to provide answers to whatever question an opposing party *informally* poses.

Dkt. No. 87 at 8-9. Defendants further report that "the City has provided the autopsy photos that are within its possession, custody, or control, and the City has informed the Plaintiffs that it has done so and that it has no other autopsy photos." *Id.* at 9.

Plaintiffs reply that, "as to the autopsy photos, Defendants would like for this Court to believe that in a high profile officer involved shooting in which an officer hit the decedent in the head with a gun, causing blunt force injuries to Harper's head and body, that the investigation would have not included a review of the autopsy photos to determine the extent of Mr. Harper's injuries"; that "Defendants' counsel's explanation for not producing the photos was that they were not requested by an unidentifiable individual"; that "[t]his is critical evidence as it relates to Plaintiffs' cover-up theory and at a minimum, Defendants should have disclosed the identity of that individual in their disclosures," and "[t]hey did not." Dkt. No. 89 at 8-9. According to Plaintiffs, "Defendants have already attempted to capitalize by producing documents needed by the experts, after the expert deadline." *Id.* at 9.

Here, too, Plaintiffs have not identified a Rule 34(a) request served on the City that would require production of autopsy photos or the identity of the individual who failed to request the entire content of the medical examiner's case file. Nevertheless, Defendants report that the City of Dallas has produced what it has by way of autopsy photos.

Insofar as Plaintiffs seek more than that, under Rule 34(a), the responding party must actually have "control," for Rule 34(a)'s purposes, over the materials sought. "Rule 34 is broadly construed and documents within a party's control are subject to

discovery, even if owned by a nonparty. Rule 34's definition of 'possession, custody, or control,' includes more than actual possession or control of the materials; it also contemplates a party's legal right or practical ability to obtain the materials from a nonparty to the action. The burden, however, is on the party seeking discovery to make a showing that the other party has control over the documents sought." *Mir v. L-3 Commc'ns Integrated Sys., L.P.*, 319 F.R.D. 220, 230-31 (N.D. Tex. 2016) (citations and internal quotation marks omitted). Even if Plaintiffs have complied with Rule 34(a) in requesting autopsy photos from the City of Dallas, Plaintiffs have not made or attempted to make any showing of control by the City over the Dallas County Medical Examiner.

Insofar as the MTC may be read as alleging that Defendants failed to make a required disclosure under Federal Rule of Civil Procedure 26(a), Federal Rule of Civil Procedure 37(a) governs motions to compel disclosures, and Rule 37(a)(3)(A) provides that, "[i]f a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions." FED. R. CIV. P. 37(a)(3)(A). For purposes of Rule 37(a), "an evasive or incomplete disclosure ... must be treated as a failure to disclose...." FED. R. CIV. P. 37(a)(4).

Rule 26(a)(1) requires that, "[e]xcept as exempted by Rule 26(a)(1)(B) or as otherwise stipulated or ordered by the court, a party must, without awaiting a discovery request, provide to the other parties: (i) the name and, if known, the address and telephone number of each individual likely to have discoverable information – along with the subjects of that information – that the disclosing party may use to

support its claims or defenses, unless the use would be solely for impeachment." FED. R. CIV. P. 26(a)(1)(A)(i). "In addition, Rule 26(g)(1) requires that '[e]very disclosure under Rule 26(a)(1) ... be signed by at least one attorney of record.' By signing, an attorney certifies that an initial disclosure is 'complete and correct' under the requirements of Rule 26(a)(1) 'to the best of the [attorney's] knowledge, information, and belief formed after a reasonable inquiry.' FED. R. CIV. P. 26(g)(1). 'If a certification violates [Rule 26(g)] without substantial justification, the court ... must impose an appropriate sanction on the signer, the party on whose behalf the signer was acting, or both.' FED. R. CIV. P. 26(g)(3). Likewise, a party is subject to sanctions under Rule 37(c)(1) if the 'party fails to provide information or identify a witness as required by Rule 26(a) or (e), ... unless the failure was substantially justified or is harmless.'" *Olivarez v. Geo Group, Inc.*, 844 F.3d 200, 203 (5th Cir. 2016).

But Plaintiffs have not shown or explained how the individual who failed to request the entire content of the medical examiner's case file is likely to have discoverable information that the City of Dallas may use to support its claims or defenses, as required by Rule 26(a)(1).

Accordingly, the Court DENIES Plaintiffs' MTC insofar as it seeks an order compelling production of autopsy photos of James Harper and the identity of the individual who failed to request the entire content of the medical examiner's case file.

## III.   Award of expenses

Considering all of the circumstances here and the Court's ruling above, the Court determines that the parties will bear their own expenses, including attorneys'

fees, in connection with Plaintiff's Emergency Motion to Compel [Dkt. No. 79] and that

no other award of sanctions is necessary or appropriate based on this MTC.

## Conclusion

For the reasons and to the extent explained below, the Court DENIES

Plaintiff's Emergency Motion to Compel [Dkt. No. 79].

SO ORDERED.

DATED: August 25, 2017

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE