IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TONY S. HARPER, SANDRA HARPER, *individually and for the benefit of all statutory beneficiaries of James Harper and as the Estate of James Harper*, and KH, *a minor by and through her mother and guardian Ashlee Whadley*, | § § § § § § § | |
| Plaintiffs, | § § | No. 3:14-cv-2647-M |
| V. | § § | |
| THE CITY OF DALLAS, TEXAS, and BRIAN ROWDEN, | § § § § | |
| Defendants. | § | |

## **MEMORANDUM OPINION AND ORDER**[1]

Plaintiffs Tony S. Harper, Sandra Harper, and KH have filed an Emergency Motion to Extend the Discovery Deadline to Conduct Limited Discovery, *see* Dkt. No. 110 (the "Motion to Extend"), which Chief Judge Barbara M. G. Lynn has referred to the undersigned United States magistrate judge for a hearing, if necessary, and for determination under 28 U.S.C. § 636(b), *see* Dkt. No. 111.

Defendants City of Dallas, Texas and Brian Rowden filed a response, *see* Dkt. No. 113, and Plaintiffs a reply, *see* Dkt. No. 116.

---

[1] Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

## Legal Standards and Analysis

Plaintiffs ask the Court to reopen discovery (or extend the already expired discovery deadline) to grant them five days to serve a Request for Production on Defendant Brian Rowden.

Federal Rule of Civil Procedure "16(b)(4) governs a party's request to extend the discovery period after the deadline established by a scheduling order has elapsed." *Warner v. Lear Corp.*, No. 3:15-cv-1878-D, 2017 WL 930829, at *3 (N.D. Tex. Mar. 9, 2017). Plaintiffs' request therefore is governed by Rule 16(b)(4), under which "[a] schedule may be modified only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4).

"To show good cause, the party seeking to modify the scheduling order has the burden of showing that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *Squyres v. Heico Cos., L.L.C.*, 782 F.3d 224, 237 (5th Cir. 2015) (internal quotation marks omitted); *accord 839 East 19th Street, LP v. CitiBank, N.A.*, No. 3:11-cv-1238-M, 2012 WL 13024000, at *1 (N.D. Tex. June 11, 2012) ("In order to establish good cause, a party must demonstrate that the deadline could not 'reasonably be met despite the diligence of the party needing the extension.'" (quoting *Fahim v. Marriott Hotel Servs., Inc.*, 551 F.3d 344, 348 (5th Cir. 2008))).

The Court considers four factors in determining whether to modify a scheduling order for good cause under Rule 16(b)(4) to allow discovery after the court ordered cut-off: (1) the explanation for the failure to complete discovery on time, (2) the importance of the modification to the scheduling order to permit the discovery, (3) the potential

prejudice in allowing the modification, and (4) the availability of a continuance to cure such prejudice. *See Squyres*, 782 F.3d at 237; *Leza v. City of Laredo*, 496 F. App'x 375, 376 (5th Cir. 2012). "The absence of prejudice to the nonmovant and inadvertence of the party seeking the modification are insufficient to demonstrate 'good cause.'" *Barnes v. Sanchez*, No. 3:07-cv-1184-M, 2010 WL 5027040, at *1 (N.D. Tex. Dec. 2, 2010) (footnote omitted).

The deadline for completion of discovery (already extended more than once) expired on August 14, 2017. *See* Dkt. No. 77; Dkt. No. 115 at 2. Three days before that deadline, Plaintiffs filed an Emergency Motion to Compel [Dkt. No. 79], seeking, among other things, an order compelling production of "numerous e-mail communications and recordings of telephone conversations" that Rowden admitted at his deposition that he has in his possession. Dkt. No. 79 at 1-2. The Court ordered expedited briefing on the Emergency Motion to Compel, held a 1-hour-and-14-minute hearing on the motion n August 25, 2017, *see* Dkt. No. 94, and issued a 39-page Memorandum Opinion and Order [Dkt. No. 95] denying the Emergency Motion to Compel that same day. In so ruling, the Court also explained that

> [c]ounsel for the City of Dallas repeatedly assured the Court during oral argument that, in compliance with its ongoing supplementation obligations, the City of Dallas is continuing to search for documents responsive to Plaintiffs' discovery requests served on the City of Dallas, including documents described during Rowden's deposition, and that it will produce anything that it finds through a diligent search. As the Court discussed with counsel during oral argument, and without objection by the City of Dallas as to this proposed requirement, the Court believes it is fair and appropriate to require the City of Dallas to serve a sworn declaration by a person with knowledge on Plaintiffs' counsel to

> describe the City of Dallas's efforts in this regard and the results of those efforts. The City of Dallas must do so by **September 1, 2017**.

Dkt. No. 110 at 33-34. Defendants explain that, "[o]n 1 September 2017, the City fully complied with that order by serving to the Plaintiffs a declaration by the City's Senior Security Analyst, Greg Whipple." Dkt. No. 113 at 4.

In their Emergency Motion to Extend the Discovery Deadline to Conduct Limited Discovery, filed on February 15, 2018, Plaintiffs seek leave to reopen discovery for the limited purpose of serving on Rowden a formal Federal Rule of Civil Procedure 34 request for production that requires him to produce the emails and recordings that he stated existed, under oath, and, if he does not, would permit Plaintiffs file to a file a Federal Rule of Civil Procedure 37(a) motion to compel the documents and/or seek a spoilation instruction from the Court. *See* Dkt. No. 110.

Defendants have exhaustively briefed the Rule 16(b)(4) standards as applied to the facts here, and much of the relevant background is also laid out in the Court's August 25, 2017 Memorandum Opinion and Order [Dkt. No. 95] and need not be repeated here. The Court finds that Plaintiffs have not shown they have been diligent in connection with the relief that they now request. They point to no new developments that were not exhaustively discussed and briefed in connection with the August 2017 Emergency Motion to Compel. Plaintiffs simply did not follow up on taking steps to serve a formal discovery request on Rowden between August 26, 2017 and February 15, 2018.

Plaintiffs offer no meaningful explanation for their failure to more timely pursue this additional discovery. They assert that Rowden "is now refusing to produce the documents or has intentionally destroyed the documents and recordings," Dkt. No. 110 at 3, but, back in August 2017, that was a basis for the Emergency Motion to Compel, *see* Dkt. No. 79 at 1 ("At his deposition, Rowden admitted that he has numerous e-mail communications and recordings of telephone conversations in his possession. Although he agreed to produce them, he has not yet done so."). Plaintiffs state in their Motion to Extend that they "fully expected that Rowden would produce the documents and recordings after he agreed to do so but unfortunately, that has not been the case"; that "Rowden's counsel, Jason Schuette, represented just today that Rowden will produce the emails and recordings if he finds them but that has been the story for months now"; and that "[i]t has now become apparent that Rowden will not produce the emails and recordings since he is not legally obligated to do so." Dkt. No. 110 at 4; *see also id.* at 5 ("Plaintiffs relied on Rowden's representation that he would locate and produce the requested information but with little over three months before trial, it's now clear that Rowden has no intention to produce the documents and recordings knowing there are no legal consequences for his failure to do so.").

But, as Plaintiffs explain elsewhere in their Motion to Extend, Rowden, through his counsel, has taken that position since at the least the time of his response to the August 2017 Emergency Motion to Compel. *See id.* at 2; *see also* Dkt. No. 113 at 17 ("The Plaintiffs sole explanation for not acting sooner, such as it is, is that 'Plaintiffs fully expected that Rowden would produce the documents and recordings after he

agreed to do so.' (*See* Motion at 4.) But the Defendants have shown that Officer Rowden has done precisely what he said he would do. Officer Rowden undertook a reasonable search for the subject materials, and he has already produced all of the e-mails and audio recordings that he has found.").

The Court cannot agree with Plaintiffs that their failure to seek this discovery at the latest after the August 25, 2017 order or the City served the required declaration on September 1, 2017 has not been unreasonable or that the reason for the delay was beyond Plaintiffs' control. *Compare* Dkt. No. 113 at 7-8 ("The Plaintiffs neglected to serve any Rule 34 request to Officer Rowden before the close of the discovery period. And, despite being on formal notice by the Court's 25 August 2017 order that a verbal request made during a deposition was insufficient under Rule 34, the Plaintiffs made an affirmative choice not to seek an extension of the discovery deadline as to Rowden right away, in August 2017. Or in September 2017. Or in October, November, or December 2017. Not even in January 2018. The Plaintiffs waited 175 days – almost six months – before filing the Motion" to Extend.), *id.* at 10-11 ("However, as discussed above, Officer Rowden has stated under penalty of perjury that he has searched for the subject materials, tendered everything that he found, and will tender anything that he may locate in the future to his counsel. The Plaintiffs' continued allegations of misconduct by Officer Rowden are unjustified, and do nothing to advance this litigation. More critically, the Plaintiffs do not explain how they could have a 'good faith belief' that Officer Rowden was going to produce materials that he has failed to locate after conducting a reasonable search, much less how an untimely Rule 34

-6-

request will impose upon Officer Rowden greater penalties for allegedly hiding documents than would false representations to the Court contained in a declaration pursuant to 28 U.S.C. § 1746."), *with* Dkt. No. 116 at 3 ("Because Rowden continues to hide behind the fact that the Plaintiffs never served a proper Rule 34 Request for Production and because the City claims that it is unable to locate any of the documents Rowden sent to City employees, is more reason why the Plaintiffs seeks to modify the scheduling order such that a limited discovery request can be sent to Rowden."), *and id.* at 3-4 ("Although Plaintiffs agree there's been some delay in seeking this extension, the Plaintiffs reason for waiting so long was because Rowden agreed to produce the documents and recordings, a fact he does not dispute. The Plaintiffs fully expected that Rowden would produce the documents and recordings after he agreed to do so but unfortunately, that has not been the case. The Plaintiffs acted in good faith and were diligent in their repeated attempts to obtain the documents from both Rowden and the City. The Plaintiffs have requested the documents from Rowden's counsel on a number of occasions and made every effort to obtain the documents without the need to seek judicial intervention.").

Like Defendants, the Court is not as sanguine as Plaintiffs about the limited impact on this case's deadlines from reopening even limited discovery. And the Court does not accept Plaintiffs' assertion, without explanation, that Rowden should not at this point perhaps be even permitted to take the 30 days to respond that Federal Rule of Civil Procedure 34(b)(2)(A) would presumptively allow him. *See* Dkt. No. 110 at 5.

Plaintiffs contend that "Defendants will not be prejudiced if Rowden is served with a limited request for production that requires him to produce the emails and recordings he stated under oath, exist," where, "[a]s a practical matter, the parties have agreed to conduct at least 4-5 depositions after the discovery deadline so the fact that Rowden is now being asked to respond to a request for production should not be an issue." Dkt. No. 116 at 3. The Court does not believe that that conclusion naturally follows from the fact that the parties' agreed to several late depositions. Even with the extended trial date in October 2018, Plaintiffs promise more motion practice to follow if they are granted leave at this late date to belatedly serve a Rule 34(a) request for production on Rowden.

Accordingly, even in the face of the extended trial date occasioned by Plaintiffs' counsel's scheduling conflict with the previously set May 2018 trial date, Defendants could be prejudiced by the additional expense from – and trial of the case may even be further delayed based on – the additional discovery and motion practice that Plaintiffs seek the Court's leave to launch in the less than eight months before the continued trial date and the less than seven months before final pretrial materials are due. *See Geiserman v. MacDonald*, 893 F.2d 787, 792 (5th Cir. 1990); *cf. Reliance Ins. Co. v. La. Land & Exploration Co.*, 110 F.3d 253, 258 (5th Cir. 1997) ("District judges have the power to control their dockets by refusing to give ineffective litigants a second chance to develop their case."); *Barnes*, 2010 WL 5027040, at *2 ("Moreover, granting a continuance would not deter future careless behavior nor serve to enforce this Court's Scheduling Order.").

In this analysis, the Court can assume that Plaintiffs are correct that this requested discovery – for materials that Rowden and the City of Dallas's declarant have both stated under penalty of perjury (in what Plaintiffs call sham affidavits) that they have already diligently searched for and failed to locate – is important to Plaintiffs' case. But, under these circumstances, the claimed importance of this additional discovery request – for information that Plaintiffs contend that "Rowden is obviously withholding," Dkt. No. 116 at 4 – only underscores the need for Plaintiffs to have exercised some diligence in complying with the scheduling order's discovery deadline or, at least, having much sooner sought to reopen discovery. *See Geiserman*, 893 F.2d at 792; *see also Palomino v. Miller*, No. 3:06-cv-932-M, 2007 WL 1650417, at *2 (N.D. Tex. June 7, 2007) ("The only factor potentially weighing in Plaintiff's favor here is the importance of the amendment, since Plaintiff has failed to state a claim for which relief may be granted against the City of Irving in his Original Petition. However, Plaintiff's lack of diligence in timely amending his complaint undercuts the importance of the amendment."); *cf. Rosario v. Livaditis*, 963 F.2d 1013, 1019 (7th Cir.1992) ("A party who fails to pursue discovery in the face of a court ordered cut-off cannot plead prejudice from his own inaction.").

Further, the Court notes the Plaintiffs already sought Federal Rule of Civil Procedure 37(e) sanctions against the City of Dallas and Rowden, and the Court denied that request on a basis that the proposed discovery request to Rowden does not appear to remedy in connection with any hoped-for spoliation instruction *See* Dkt. No. 95 at 34 ("After considering Rowden's deposition testimony and his declaration filed with

Defendants' response to the MTC, Plaintiffs have not made a sufficient showing under Rule 37(e), which the Court finds to justly and practicably govern in this case, that electronically stored information that should have been preserved in the anticipation or conduct of this litigation is lost because Defendant Brian Rowden or Defendant City of Dallas failed to take reasonable steps to preserve it or that it cannot be restored or replaced through additional discovery or that either Defendant Brian Rowden or Defendant City of Dallas acted with the intent to deprive another party of the information's use in the litigation."); *see generally* FED. R. CIV. P. 37(e) ("If electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery, the court: (1) upon finding prejudice to another party from loss of the information, may order measures no greater than necessary to cure the prejudice; or (2) only upon finding that the party acted with the intent to deprive another party of the information's use in the litigation may: (A) presume that the lost information was unfavorable to the party; (B) instruct the jury that it may or must presume the information was unfavorable to the party; or (C) dismiss the action or enter a default judgment.").

In short, considering Rule 16(b)(4)'s good cause requirement dictating that Plaintiffs show that the discovery deadline could not have been reasonably met despite Plaintiffs' diligence and the other Rule 16(b)(4) factors, the Court determines that Plaintiffs have not shown the required good cause to reopen or extend the discovery

deadline as they request. *See Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 884 (5th Cir. 2004) (in the related context of deciding whether to exclude an untimely expert designation, explaining that, if "the first and third factors militate against permitting the testimony, the trial court was not obligated to continue the trial," where, "[o]therwise, the failure to satisfy the rules would never result in exclusion, but only in a continuance," and, "[b]ecause of a trial court's need to control its docket, a party's violation of the court's scheduling order should not routinely justify a continuance).

And, after full briefing on this motion and an extensive hearing on the precursor Emergency Motion to Compel, the Court determines that, despite Plaintiffs' request for oral argument to permit "Plaintiffs to more fully develop for the Court the need for the additional discovery from Rowden," Dkt. No. 110 at 9, permitting oral argument would only increase the parties' costs and would not affect the outcome of this motion. The Court will therefore deny Plaintiff's request for oral argument.

## Conclusion

For the reasons explained above, the Court DENIES Plaintiffs Tony S. Harper, Sandra Harper, and KH have filed an Emergency Motion to Extend the Discovery Deadline to Conduct Limited Discovery [Dkt. No. 110].

SO ORDERED.

DATED: March 6, 2018

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE