Case 3:14-cv-02647-M Document 196 Filed 08/28/19 Page 1 of 13 PageID 3111

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SANDRA HARPER, individually and as the surviving parent of JAMES HARPER, TONY S. HARPER as the Administrator of the Estate of JAMES HARPER and K.H., a Minor, By and Through Her Mother and Guardian, ASHLEE WHADLEY, <br><br>Plaintiffs,<br><br>v.<br><br>THE CITY OF DALLAS and BRIAN ROWDEN, et al.,<br><br>Defendants. | § § § § § § § § § § § § § § § § | Civil Action No. 3:14-CV-2647-M |

## COURT'S CHARGE TO THE JURY

**MEMBERS OF THE JURY:**

### INTRODUCTION

In any jury trial there are in effect, two judges. I am one of the judges; the other is the jury. It was my duty to preside over this phase of the trial and to decide what evidence was proper for your consideration. It is also my duty, now at the end of this phase of the trial, to explain to you the rules of law that you must follow and apply in arriving at your verdict.

First, I will give you some general instructions which apply in every case; for example, instructions about the burden of proof and how to assess the believability of witnesses. Then I will give you some specific rules of law about this particular case, and finally, I will explain to you the procedures you should follow in your deliberations.

### GENERAL INSTRUCTIONS

Now that you have heard the evidence in the case, it is my duty and responsibility to instruct

you on the law you are to apply in this case. The law contained in these instructions is the only law you may follow. It is your duty to follow what I instruct you the law is, regardless of any opinion that you might have as to what the law ought to be.

The Plaintiffs in this case are Sandra Harper, and a minor, who we will call K.H., by and through her mother and guardian, Ashlee Whadley, on their own individual behalves, and Tony S. Harper, on behalf of the Estate of James Harper, the decedent. The Defendants in this case are Brian Rowden and the City of Dallas. You may not consider liability of any other person or entity.

The fact that the Plaintiffs brought a lawsuit and are in court seeking damages creates no inference that they are entitled to a judgment. Anyone may make a claim and file a lawsuit. The act of making a claim in a lawsuit, by itself, does not in any way tend to establish that claim and is not evidence.

If I have given you the impression during the trial that I favor either party, you must disregard that impression. If I have given you the impression during the trial that I have an opinion about the facts of this case, you must disregard that impression. You are the sole judges of the facts of this case. Other than my instructions to you on the law, you should disregard anything I may have said or done during the trial in arriving at your verdict.

You should consider all of the instructions about the law as a whole and regard each instruction in light of the others, without isolating a particular statement or paragraph.

The testimony of the witnesses and other exhibits introduced by the parties constitute the evidence. The statements of counsel are not evidence; they are only arguments. It is important for you to distinguish between the arguments of counsel and the evidence on which those arguments rest. What the lawyers say or do is not evidence. You may, however, consider their arguments in light of the evidence that has been admitted and determine whether the evidence

admitted in this trial supports the arguments. You must determine the facts from all the testimony that you have heard and the other evidence submitted. You are the judges of the facts, but in finding those facts, you must apply the law as I instruct you.

You are required by law to decide the case in a fair, impartial, and unbiased manner, based entirely on the law and on the evidence presented to you in the courtroom. You may not be influenced by passion, prejudice, or sympathy you might have for the Plaintiffs or the Defendants in arriving at your verdict.

Do not let bias, prejudice or sympathy play any part in your deliberations. A municipal government and all other persons are equal before the law and must be treated as equals in a court of justice.

The Plaintiffs have the burden of proving an affirmative answer to each question below by a preponderance of the evidence. To establish by a preponderance of the evidence means to prove something is more likely so than not so. If you find that the Plaintiffs have failed to prove any element of their claim by a preponderance of the evidence, then they may not recover on that claim.

The evidence you are to consider consists of the testimony of the witnesses, the documents and other exhibits admitted into evidence, and any fair inferences and reasonable conclusions you can draw from the facts and circumstances that have been proven.

Generally speaking, there are two types of evidence. One is direct evidence, such as testimony of an eyewitness. The other is indirect or circumstantial evidence. Circumstantial evidence is evidence that proves a fact from which you can logically conclude another fact exists. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and

circumstantial.

Certain documents have been shown to you solely to help explain or summarize the facts disclosed by the books, records, and other documents that are in evidence. These documents are not evidence or proof of any facts. You should determine the facts from the evidence.

You alone are to determine the questions of credibility or truthfulness of the witnesses. In weighing the testimony of a witness, you may consider the witness's manner and demeanor on the witness stand, any feelings or interest he or she may have in the case, any prejudice or bias about the case he or she may have, and the consistency or inconsistency of his or her testimony, considered in the light of the circumstances. You may ask yourself a few questions. Has the witness been contradicted by other credible evidence? Has he or she made statements at other times and places contrary to those made here on the witness stand? In determining the weight to give to the testimony of a witness, consider whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony given at the trial.

A simple mistake by a witness does not necessarily mean that the witness did not tell the truth as he or she remembers it. People may forget some things or remember other things inaccurately. If a witness made a misstatement, consider whether that misstatement was an intentional falsehood or simply an innocent mistake. The significance of that may depend on whether it has to do with an important fact or with only an unimportant detail. You must give the testimony of each witness the credibility that you think it deserves.

Even though a witness may be a party to the action and therefore interested in its outcome, the testimony may be accepted if it is not contradicted by direct evidence or by any inference that may be drawn from the evidence, if you believe the testimony.

You are not to decide this case by counting the number of witnesses who have testified on the opposing sides. Witness testimony is weighed; witnesses are not counted. The test is not the relative number of witnesses, but the relative convincing force of the evidence. The testimony of a single witness is sufficient to prove any fact, even if a greater number of witnesses testified to the contrary, if after considering all of the other evidence, you believe that witness.

When testimony or an exhibit was admitted by me for a limited purpose, you may consider that testimony or exhibit only for the specific limited purpose for which it was admitted.

You are required to evaluate the testimony of a law enforcement officer as you would the testimony of any other witness. No special weight may be given to his or her testimony because he or she is a law enforcement officer.

Certain testimony has been presented to you through depositions. A deposition is the sworn, recorded answers to questions a witness was asked in advance of the trial. Under some circumstances, a witness's testimony may be presented, under oath, in the form of a deposition. Attorneys representing the parties in this case questioned the witness under oath. A court reporter was present and recorded the testimony. The questions and answers have been read or shown to you. This deposition testimony is entitled to the same consideration and is to be judged by you as to credibility and weighed and otherwise considered by you in the same way as if the witness had been present and had testified from the witness stand in court.

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field is permitted to state his or her opinion on those technical matters. However, you are not required to accept that opinion. As with any other witness, it is up to you to decide whether to rely on it. In deciding whether to accept or rely upon the opinion of an expert witness, you may consider any bias of the witness, including any bias you

may infer from evidence that the expert witness has been or will be paid for reviewing the case and testifying, or from evidence that he or she testifies regularly as an expert witness or his or her income from such testimony represents a significant portion of his or her income.

During the course of the trial, you have heard counsel make objections to evidence. It is the duty of the attorney on each side of a case to object when the other side offers testimony or other evidence that the attorney believes is not properly admissible. You should not draw any inference against an attorney or his or her client because the attorney has made objections.

In allowing testimony or other evidence to be introduced over the objection of any attorney, the Court does not, unless expressly stated, indicate any opinion as to the weight or effect of such evidence. As I have told you, you are the sole judges of the credibility of all witnesses and the weight and effect of all evidence.

When the Court has sustained an objection to a question addressed to a witness, or to the introduction of any other evidence, you must disregard the question entirely, and may draw no inference from the wording of it, or speculate as to what the witness would have said if the witness had been permitted to answer.

The Court has assigned numbers to the trial exhibits. You should not construe any significance to the exhibit numbers.

After I finish reading the first part of these instructions, the lawyers will make closing arguments. Remember closing arguments are not evidence, but rather are the attorneys' interpretations of what the evidence has shown or not shown.

## SPECIFIC INSTRUCTIONS AND QUESTIONS

## PLAINTIFFS' FEDERAL CLAIM

Plaintiffs bring this suit against Brian Rowden under 42 U.S.C. § 1983, pursuant to which a person may sue for an award of money damages against anyone who, "under color" of state law,

6

intentionally violates another's rights under the Constitution of the United States. Under the Fourth Amendment to the Constitution of the United States, a citizen has the constitutional right not to be subjected to excessive force while being arrested by a law enforcement officer, even though the arrest is otherwise proper.

Plaintiffs claim that Brian Rowden violated James Harper's constitutional rights to be protected from the use of excessive non-deadly and deadly force during an arrest. Specifically, Plaintiffs claim that Brian Rowden violated these constitutional rights when, during his attempt to arrest James Harper, Brian Rowden (1) punched James Harper with his hands and gun ("non-deadly force"), and (2) shot James Harper, resulting in his death ("deadly force").

To prevail on an excessive force claim, Plaintiffs must prove each and all of the following elements by a preponderance of the evidence:

1. Brian Rowden acted "under color" of the authority of the State of Texas;

2. James Harper suffered an injury;

3. that resulted directly from Brian Rowden's intentional use of force that was excessive to the need;

4. the excessiveness of the force used by Brian Rowden was objectively unreasonable; and

5. excessive force by Brian Rowden was the cause of injury to James Harper.

In this case, the parties do not dispute that Brian Rowden acted "under color" of state law, and that James Harper suffered an injury. You must accept those two facts as proven. If the Plaintiffs fail to prove the last three elements, you must find against the Plaintiffs and in favor of Defendant Brian Rowden.

To determine whether the force used was reasonable under the Fourth Amendment, you must carefully balance the nature and quality of the intrusion on James Harper's right to be

protected from excessive force against Brian Rowden's right to use some degree of physical coercion or threat of coercion to make an arrest. Not every push or shove, even if it may later seem unnecessary in hindsight, violates the Fourth Amendment. In deciding this issue, you must pay careful attention to the facts and circumstances, including the severity of the crime at issue, whether James Harper posed an immediate threat to the safety of Brian Rowden or others, and whether James Harper was actively resisting or attempting to evade arrest.

Where a suspect poses no immediate threat to the officer and no threat to others, the harm resulting from failing to apprehend him does not justify the use of deadly force to do so. An officer may not normally "seize" an unarmed, nondangerous suspect by killing him. But where the officer has probable cause to believe that the suspect poses a threat of serious physical harm, either to the officer or to others, it is not constitutionally unreasonable to prevent escape by using deadly force. Thus, if the suspect threatens the officer with a weapon or if the officer has probable cause to believe that the suspect has committed a crime involving the infliction or threatened infliction of serious physical harm, deadly force may be used if necessary to prevent escape, and if, where feasible, some warning has been given. The law allows the use of deadly force where a suspect moves out of the officer's line of sight such that the officer could reasonably believe that the suspect was reaching for a weapon.

The reasonableness of a particular use of force is based on what a reasonable officer would do under the circumstances. This is an objective analysis based on a reasonable officer, not a subjective analysis based on the particular officer involved. You must decide whether a reasonable officer on the scene would view the force as reasonable, without the benefit of 20/20 hindsight. This inquiry must take into account the fact that police officers are sometimes forced to make split-

second judgments—in circumstances that are tense, uncertain, and rapidly evolving—about the amount of force that is necessary in a particular situation.

## THE DEFENSE OF QUALIFIED IMMUNITY

If you find that Plaintiffs have proved each essential element of their excessive force claim under 42 U.S.C. § 1983, then you must consider whether Brian Rowden is entitled to what the law calls "qualified immunity." Qualified immunity bars a defendant's liability, even if he violated a plaintiff's constitutional rights. Qualified immunity exists to give law enforcement officials room to make reasonable but, mistaken, judgments about open legal questions. Qualified immunity provides protection from liability for all but plainly incompetent officers, or those who knowingly violate the law. It is Plaintiffs' burden to prove by a preponderance of the evidence that qualified immunity does not apply in this case.

Qualified immunity applies if a reasonable officer could have believed that the force applied by Brian Rowden to James Harper was lawful in light of clearly established law and the information Brian Rowden possessed at the time. However, if you find at the time the force was used, a reasonable officer with the same information Brian Rowden had, could not have believed that his actions were lawful, Brian Rowden is not entitled to qualified immunity. Law enforcement officers are presumed to know the clearly established constitutional rights of individuals they encounter. In this case, the clearly established law at the time was that a police officer could not use excessive force when attempting to arrest a person.

If, after considering the scope of discretion and responsibility generally given to police officers in performing their duties, and after considering all of the circumstances of this case as they would have appeared to a reasonable police officer at the time of the actions in issue, you

9

find that Plaintiffs proved no reasonable officer could have believed that the actions taken by Brian Rowden were lawful, then Brian Rowden is not entitled to qualified immunity.

## QUESTIONS

In answering the questions which I will submit to you, answer "Yes" or "No" unless otherwise instructed. A "Yes" answer must be based on a preponderance of the evidence. If you do not find that a preponderance of the evidence supports a "Yes" answer, then answer "No."

**Question No. 1**

Did Plaintiffs prove, by a preponderance of the evidence, that Brian Rowden used excessive non-deadly force on James Harper?

Answer "Yes" or "No."

*No*

If you answered "Yes" to Question No. 1, proceed to Question No. 2. If you answered "No" to Question No. 1, proceed to Question No. 4.

**Question No. 2**

Did Plaintiffs prove, by a preponderance of the evidence, that the actions of Brian Rowden in using excessive non-deadly force on James Harper were the cause of injury to him?

Answer "Yes" or "No."

_____

If you answered "Yes" to Question No. 2, proceed to Question No. 3. If you answered "No" to Question No. 2, proceed to Question No. 4.

**Question No. 3**

Did Plaintiffs prove, by a preponderance of the evidence, that no reasonable officer could have believed that the non-deadly force used by Brian Rowden on James Harper was lawful, in light of clearly established law and the information Brian Rowden possessed at the time?

Answer "Yes" or "No."

_____

After you answer Question No. 3, proceed to Question No. 4.

**Question No. 4**

Did Plaintiffs prove, by a preponderance of the evidence, that Brian Rowden used excessive deadly force on James Harper?

Answer "Yes" or "No."

_____No_____

If you answered "Yes" to Question No. 4, proceed to Question No. 5. Otherwise, do not answer any other questions, and the Foreperson should sign and date the verdict and give it to the Court Security Officer.

**Question No. 5**

Did Plaintiffs prove, by a preponderance of the evidence, that the actions of Brian Rowden in using excessive deadly force on James Harper were the cause of injury to him?

Answer "Yes" or "No."

_____

If you answered "Yes" to Question No. 5, proceed to Question No. 6. Otherwise, do not answer any other questions, and the Foreperson should sign and date the verdict and give it to the Court Security Officer.

**Question No. 6**

Did Plaintiffs prove, by a preponderance of the evidence, that no reasonable officer could have believed that the deadly force used by Brian Rowden on James Harper was lawful, in light of clearly established law and the information Brian Rowden possessed at the time?

Answer "Yes" or "No."

_____

After you answer Question No. 6, the Foreperson should sign and date the verdict and give it to the Court Security Officer.

## POST-ARGUMENT INSTRUCTIONS

It is now your duty to deliberate and to consult with one another in an effort to reach a verdict. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if you are convinced that you were wrong. But do not give up on your honest beliefs because the other jurors think differently, or just to finish the case. Remember at all times, you are the judges of the facts.

You have been allowed to take notes during this trial. Any notes that you took during this trial are only aids to memory. If your memory differs from your notes, you should rely on your memory and not on the notes. The notes are not evidence. If you did not take notes, rely on your independent recollection of the evidence and do not be unduly influenced by the notes of other jurors. Notes are not entitled to greater weight than the recollection or impression of each juror about the testimony.

When you retire to the jury room to deliberate, you will be given this charge and the exhibits that the Court has admitted into evidence. You must select a jury foreperson and conduct your deliberations. If you recess during your deliberations, follow all of the instructions that I

have given you concerning your conduct during the trial.

Your verdict must be unanimous. After you have reached a unanimous verdict, your jury foreperson must fill in your answers to the written questions and sign and date the verdict form. Unless I direct you otherwise, you are not to disclose your numerical division on any question.

I want to advise you that although our court reporter has taken down all of the testimony, it is not done in such a way that we can read back or furnish testimony to you at your request. Only when you have a specific disagreement as to a particular witness's testimony on a specific subject can we attempt to obtain that information for you.

If you want to communicate with me at any time, please give a written message to the Court Security Officer, who will bring it to me. I will then respond as promptly as possible either in writing or by meeting with you in the courtroom. I will always first show the attorneys your question and my response before I answer your question. You may now retire to the jury room to conduct your deliberations.

August 28, 2019.

_____
BARBARA M. G. LYNN
CHIEF JUDGE